McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 565-2033
(973) 425-0161
Attorneys for Plaintiff
American National Life Insurance Company of New York

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,<br><br>                    Plaintiff,<br><br>        v.<br><br>DANIELLE VAN HOUTEN-CHANA and the ESTATE OF HENRY C. VAN HOUTEN,<br><br>                    Defendants. | Civil Action No.: |

**CIVIL ACTION – COMPLAINT IN INTERPLEADER**

Plaintiff, American National Life Insurance Company of New York ("ANLICONY"), by and through its counsel McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby files its complaint in interpleader ("Complaint") and states as follows:

**PARTIES**

1.      Interpleader Plaintiff ANLICONY is a corporation organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in New

York, New York. ANLICONY is domiciled in and is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

2. Defendant Danielle Van Houten-Chana ("Chana") is the daughter of Henry C. Van Houten, deceased (the "Decedent"), and she resides in Newburgh, New York. She is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

3. Defendant the Estate of Henry C. Van Houten (the "Estate") is being probated in Putnam County, Florida, Probate Division and bears file number 2022-CP-416. The Estate is a citizen of the State of Florida within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

4. ANLICONY was provided with an Order Appointing Personal Representative stating that Henry E. Van Houten was appointed Personal Representative of the Estate.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 given this is an interpleader action; the amount of money in controversy exceeds five hundred dollars ($500.00); and at least two or more of the adverse claimants are of diverse citizenship within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) in that at least one of the defendants/competing claimants resides in this judicial district.

## CLAIM FOR INTERPLEADER

7. Decedent was the annuitant and owner of annuity policy number 000318858 issued by Farm Family Life Insurance Company n/k/a ANLICONY on July 13, 2010 ("Annuity 318858").

8. Decedent was also the annuitant and owner of annuity policy number 000318795 issued by ANLICONY on May 5, 2010 ("Annuity 318795"). Both annuity contracts will be referred to collectively hereinafter as "Annuities."

9. The Annuities establish the right of their owners to name their own beneficiary.

10. The latest beneficiary designation on file for the Annuities is dated August 24, 2021, and names Chana as Decedent's primary beneficiary.

11. The prior beneficiary designation for both Annuities were the annuity applications naming Mary C. Van Houten as Decedent's primary beneficiary, who was identified on the applications as Decedent's wife.

12. Upon information and belief, Mary C. Van Houten predeceased Decedent and, consequently, is ineligible for the death benefits payable under the Annuities.

13. Decedent died on May 31, 2022, and, consequently, the death benefits are payable under the Annuities.

14. As of June 15, 2022, the death benefit payable under Annuity 318858 was $11,857.27 and the Death Benefit payable under Annuity 318795 was $180,430.07 (collectively, the "Death Benefits"). The Death Benefits payable is the Accumulated Cash Value of the respective annuity and fluctuates.

15. Following the death of Decedent, ANLICONY received a telephone call from Andrea Matthews ("Matthews") seeking to submit a claim for the Death Benefits. Upon being told that she was not the beneficiary, Matthews told ANLICONY that Chana forged multiple signatures and sought that the Death Benefits not be paid.

16. By letter dated July 26, 2022, Matthews, "in conjunction with my siblings" Henry E. Van Houten, Theresa A. DySeven, and Brittany L. Van Johnson," again sought that ANLICONY freeze Chana's "personal claim to the funds as they should go straight to the Estate to be disbursed appropriately among all living heirs." Matthews told ANLICONY that the siblings intended to start a lawsuit against Chana and provided a copy of Order Appointing Henry E. Van Houten as Personal Representative of the Estate.

17. Thereafter, ANLICONY received an Annuity Claim Form from Chana seeking payment of the Death Benefits to the exclusion of the Estate and that the Death Benefits be paid as a lump sum.

18. ANLICONY also received an Annuity Claim Form from Henry E. Van Houten seeking that the Death Benefits be paid as a lump sum to the Estate.

19. Counsel for ANLICONY was told that the competing claims would not be voluntarily resolved.

20. ANLICONY cannot determine whether a Court would determine that the latest beneficiary designation is valid and enforceable.

21. As a mere stakeholder, ANLICONY makes no claim to the Death Benefits other than payment of its reasonable attorneys' fees, costs and disbursements in connection with this action. ANLICONY therefore respectfully requests that this Court determine to whom the Death Benefits should be paid.

22. ANLICONY is ready, willing and able to pay the Death Benefits in accordance with the terms of the Plan in such an amount and to which ever defendant or defendants the Court shall designate.

23. ANLICONY will deposit into the Registry of the Court the Death Benefits for disbursement in accordance with an order of this Court.

WHEREFORE, ANLICONY demands judgment as follows:

A. ANLICONY be provided with interpleader relief and the Defendants settle among themselves their respective rights to the Death Benefits;

B. ANLICONY be permitted to pay the Death Benefits into the Registry of the Court;

C. Defendants each be restrained from initiating any other action against ANLICONY for recovery of the Death Benefits or any part thereof;

D. ANLICONY be found to have no further liability beyond those monies deposited into the Registry of this Court, which represents the Death Benefits;

E. ANLICONY be discharged and dismissed with prejudice from this case; and

F. The Court award such other and further relief, including attorneys' fees and costs, to which ANLICONY is entitled in law or equity, as this Court deems just and proper.

Dated:  December 8, 2022
4707047_1

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Plaintiff
American National Life Insurance
Company of New York

By: */s/ Randi F. Knepper*
       Randi F. Knepper